14 CV 3082

JAY K. GOLDBERG [JG-1294]
GOLDBERG & ALLEN, LLP
49 West 37th Street, 7th Floor
New York, New York 10018
212-766-3366

JUDGE PAULEY



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RICHARD LAINO,

                      Plaintiff,

         - against -

CITY OF NEW YORK, POLICE OFFICER THOMAS
MORONEY, SHIELD 16766, POLICE OFFICER MEDINA,
SHIELD UNKNOWN, SERGEANT JOHN DOE,

                      Defendants,
-------------------------------------------------------------------X

**COMPLAINT**

**PLAINTIFF
DEMANDS A
TRIAL BY JURY**

**ECF CASE**

## PARTIES, JURISDICTION and VENUE

1. Plaintiff, RICHARD LAINO, is a 31 year old male, who, at all times relevant to this action, was a resident of Bronx, New York.

2. Defendant, City of New York ("NYC"), is a municipality within the State of New York, which includes Bronx County. NYC maintains a police department, the New York City Police Department ("NYPD"), which is an agency of the municipality.

3. Upon information and belief, Defendant POLICE OFFICER THOMAS MORONEY, SHIELD 16766, was at all relevant times an officer employed by the NYPD assigned to the 52nd Precinct. All actions by MORONEY complained of herein were taken in the course of his employment and under color of law. MORONEY is being sued in both his individual and official capacities.

1

4.  Upon information and belief, Defendant POLICE OFFICER MEDINA, shield and command unkown, was at all relevant times an officer employed by the NYPD. All actions by MEDINA complained of herein were taken in the course of his employment and under color of law. MEDINA is being sued in both his individual and official capacities.

5.  Upon information and belief, Defendant SERGEANT JOHN DOE, a fictitious name of an unknown person, was at all relevant times a supervising officer employed by the NYPD. All actions by DOE complained of herein were taken in the course of his employment and under color of law. DOE is being sued in both his individual and official capacities.

6.  Original jurisdiction of this Court is founded upon 28 U.S.C. §1331, et seq., specifically 28 U.S.C. § 1343.

7.  Venue is properly laid in this District pursuant to 28 U.S.C. §1391(b).

8.  A Notice of Claim was timely served upon NYC on June 24, 2013, within ninety days of April 9, 2013, the statutory date of accrual for the claims based upon false arrest, excessive use of force and assault. The statutory date of accrual for malicious prosecution was October 21, 2013.

9.  The instant action is commenced within one year and ninety days of the date of accrual of all causes of action.

## FACTS GIVING RISE TO THE CLAIMS

10. On April 9, 2013, at approximately 9:20 p.m., Plaintiff was lawfully walking on the sidewalk in the vicinity of Gun Hill Road and Rochambeau Avenue in the Bronx.

11. At that time, Plaintiff was carrying in his hand a non-transparent black

plastic bag containing personal belongings.

12. At that time, Plaintiff was approached by Defendants MORONEY, MEDINA and DOE, three uniformed members of the New York Police Department, who had exited an unmarked car.

13. Without legal cause or justification, Defendants MORONEY, MEDINA and DOE, asked Plaintiff to provide identification; Plaintiff complied with this request.

14. Plaintiff was then asked by one of the named Defendants what was inside the plastic bag. Plaintiff replied that it contained his personal belongings.

15. At that point, Defendant MORONEY ripped the bag from Plaintiff's hand, slammed Plaintiff against the hood of a vehicle and placed him in handcuffs.

16. Plaintiff was placed in the police car and transported to the 52nd Precinct.

17. Upon arrival at the 52nd Precinct, Plaintiff complained directly to Defendant MEDINA, as well as Defendants MORONEY and DOE who were in the immediate vicinity, that the handcuffs were too tight and were causing significant pain to his wrists, hand, and fingers.

18. Plaintiff's complaints were ignored by Defendants MEDINA, MORONEY and DOE.

19. As a result of the increasing and continuous pain, Plaintiff lost consciousness and passed-out onto the precinct floor.

20. When Plaintiff awoke, one of the defendants picked-up Plaintiff by the link of the handcuffs and escorted him to the bathroom, where he again passed-out.

21. Plaintiff was woken by Defendant MORONEY slapping him in the face.

22. The handcuffs were then removed and Plaintiff was ordered to strip naked

and squat.

23. After Plaintiff complied with this order, he questioned the defendants as to why he was being treated in this manner. In response, Plaintiff was told to "shut the f*** up," and his head was slammed into – and then forcibly pressed against – the bathroom wall.

24. Plaintiff was again placed in handcuffs, which were again made extremely tight, this time by Defendant DOE.

25. Plaintiff immediately and continually complained to Defendants MORONEY, MEDINA and DOE, that the handcuffs were too tight and were causing pain, numbness and that his fingers were turning blue.

26. Defendants MORONEY, MEDINA and DOE took no action to alleviate the situation.

27. Plaintiff eventually demanded medical attention and was transported by ambulance to the Emergency Department at North Central Hospital where he was treated and released.

28. Plaintiff was eventually arraigned and charged with various charges for alleged felony marijuana possession and a single misdemeanor charge of possession of cocaine, all allegedly found inside the bag that Plaintiff was carrying.

29. Following his release from custody, Plaintiff immediately sought medical attention at Montefiore Medical Center for the injuries to his hands and wrists.

30. Plaintiff was eventually diagnosed through a Nerve Conduction Velocity Test (NCV) to have mild bilateral sensorimotor demyelinating median nerve neuropathy at the wrists, more so on the right side. In addition, he was found to have symmetrical

distal sensory nerve demyelination changes (including the radial nerves). This was deemed consistent with the clinical diagnosis of Carpal Tunnel Syndromes to his hands.

31. Plaintiff was prescribed protective devices for both hands and a course of occupational therapy.

32. Plaintiff continues to receive occupational therapy and is still wearing a protective device on his right hand.

33. Because of the injury to his hands, Plaintiff suffers from continual pain and limitation of use of both hands and continues to receive medical treatment for his injury.

34. The criminal charges against Plaintiff were never presented to a Grand Jury and all charges were dismissed on October 21, 2013.

### FIRST CLAIM

(False Arrest - §1983)

35. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 34 of the Complaint as if incorporated and reiterated herein.

36. By arresting Plaintiff without legal authority, Defendants MORONEY, MEDINA and DOE, individually and acting together, violated Plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution. Specifically, the constitutional rights to be free from false arrest.

37. By reason thereof, Defendants MORONEY, MEDINA and DOE violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental

anguish, economic damages and the loss of his constitutional rights.

## SECOND CLAIM

(Excessive Force: Handcuffs: upon arrest - §1983)

38. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 to 37 of the Complaint as if incorporated and reiterated herein.

39. Defendant MORONEY, by intentionally and excessively tightening the handcuffs on Plaintiff's wrists and by refusing to loosen them when requested, used excessive force in the performance of his duties and thereby violated Plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution under color of law.

40. Defendants MEDINA and DOE, by failing to intervene and loosen the handcuffs when Plaintiff so requested, permitted the use of excessive force in the performance of their duties and thereby violated Plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution under color of law.

41. By reason thereof, Defendants MORONEY, MEDINA and DOE violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

## THIRD CLAIM

(False Arrest - Common Law)

42. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 41 of the Complaint as if incorporated and reiterated

herein.

43. Plaintiff was unlawfully detained and arrested by Defendants MORONEY, MEDINA and DOE without probable cause.

44. By reason thereof, and because Defendants MORONEY, MEDINA and DOE acted within the scope of their duties as members of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

### FOURTH CLAIM

(Excessive Force: Handcuffs: upon arrest - Common Law)

45. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 44 of the Complaint as if incorporated and reiterated herein.

46. Defendant MORONEY, by intentionally and excessively tightening the handcuffs on Plaintiff's wrists and by refusing to loosen them when requested, used excessive force in the performance of his duties.

47. Defendants MEDINA and DOE, by failing to intervene and loosen the handcuffs when Plaintiff so requested, permitted the use of excessive force in the performance of their duties.

48. By reason thereof, Defendants MORONEY, MEDINA and DOE caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

49. By reason thereof, and because Defendants MORONEY, MEDINA and DOE acted within the scope of their duties as members of the NYPD, Defendant CITY is

also liable under this claim based on a theory of *respondeat superior.*

## FIFTH CLAIM

(Excessive Force: Handcuffs: at precinct - §1983)

50.    Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 49 of the Complaint as if incorporated and reiterated herein.

51.    Defendant DOE, by intentionally and excessively tightening the handcuffs on Plaintiff's wrists, and refusing to loosen them when requested, used excessive force in the performance of his duties and thereby violated Plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution under color of law.

52.    Defendants MORONEY and MEDINA, by failing to intervene and loosen the handcuffs when Plaintiff so requested, allowed the use of excessive force in the performance of their duties.

53.    By reason thereof, Defendants MORONEY, MEDINA and DOE violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

## SIXTH CLAIM

(Excessive Force: Handcuffs: at precinct - Common Law)

54.    Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 53 of the Complaint as if incorporated and reiterated herein.

55.    Defendant DOE, by intentionally and excessively tightening the handcuffs

on Plaintiff's wrists, and refusing to loosen them when requested, used excessive force in the performance of his duties.

56. Defendants MORONEY and MEDINA, by failing to intervene and loosen the handcuffs when Plaintiff so requested, permitted the use of excessive force in the performance of their duties.

57. By reason thereof, Defendants MORONEY, MEDINA and DOE caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

58. By reason thereof, and because MORONEY, MEDINA and DOE acted within the scope of their duties as members of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

## SEVENTH CLAIM

(Unlawful Search: Plaintiff's property - §1983)

59. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 58 of the Complaint as if incorporated and reiterated herein.

60. By stopping Plaintiff on the street without probable cause and removing his property from his person and conducting an unlawful search, Defendants MORONEY, MEDINA and DOE violated Plaintiff's Fourth and Fourteenth Amendment rights to be free from unlawful search.

61. By reason thereof, Defendants MORONEY, MEDINA and DOE violated 42 U.S.C. §1983 and caused Plaintiff to suffer emotional distress, mental anguish,

economic damages and the loss of his constitutional rights.

## EIGHTH CLAIM

(Unlawful Search: Strip Search - §1983)

62. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 61 of the Complaint as if incorporated and reiterated herein.

63. By conducting an unlawful strip search of Plaintiff, Defendants MORONEY, MEDINA and DOE, violated Plaintiff's Fourth and Fourteenth Amendment rights to be free from an unlawful search.

64. By reason thereof, Defendants MORONEY, MEDINA and DOE violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

## NINTH CLAIM

(Unlawful Search: Plaintiff's Property - State Claim)

65. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 64 of the Complaint as if incorporated and reiterated herein.

66. By stopping Plaintiff on the street without probable cause and removing his property from his person and conducting an unlawful search, Defendants MORONEY, MEDINA and DOE violated Plaintiff's rights under the New York Constitution to be free from an unlawful search.

67. By reason thereof, Defendants MORONEY, MEDINA and DOE caused

Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

68. By reason thereof, and because Defendants MORONEY, MEDINA and DOE acted within the scope of their duties as members of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

## TENTH CLAIM

(Unlawful Search: Strip Search - State Claim)

69. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 68 of the Complaint as if incorporated and reiterated herein.

70. By conducting an unlawful strip search of Plaintiff, Defendants MORONEY, MEDINA and DOE, violated Plaintiff's rights under the New York Constitution to be free to be free from an unlawful search.

71. By reason thereof, Defendants MORONEY, MEDINA and DOE caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

72. By reason thereof, and because Defendants MORONEY, MEDINA and DOE acted within the scope of their duties as members of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

## ELEVENTH CLAIM

(Malicious Prosecution - §1983)

73. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every

allegation of paragraphs 1 through 72 of the Complaint as if incorporated and reiterated herein.

74. By commencing a proceeding in the absence of probable cause and with actual malice, Defendants MORONEY, MEDINA and DOE intentionally engaged in a malicious prosecution in violation of Plaintiff's Fifth and Fourteenth Amendments to be free from prosecution without legal justification.

75. By reason thereof, Defendants MORONEY, MEDINA and DOE violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish and the loss of his constitutional rights.

### TWELFTH CLAIM

(Malicious Prosecution - Common Law)

76. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 75 of the Complaint as if incorporated and reiterated herein.

77. By commencing a proceeding in the absence of probable cause and with actual malice, Defendants MORONEY, MEDINA and DOE intentionally engaged in a malicious prosecution of Plaintiff.

78. By reason thereof, Defendants MORONEY, MEDINA and DOE caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

79. By reason thereof, and because Defendants MORONEY, MEDINA and DOE acted within the scope of their duties as members of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the Plaintiff demands judgment against Defendants as follows:

i) On the first claim, actual and punitive damages in an amount to be determined at trial;

ii) On the second claim, actual and punitive damages in an amount to be determined at trial;

iii) On the third claim, actual and punitive damages in an amount to be determined at trial;

iv) On the fourth claim, actual and punitive damages in an amount to be determined at trial;

v) On the fifth claim, actual and punitive damages in an amount to be determined at trial;

vi) On the sixth claim, actual and punitive damages in an amount to be determined at trial;

vii) On the seventh claim, actual and punitive damages in an amount to be determined at trial;

viii) On the eighth claim, actual and punitive damages in an amount to be determined at trial;

ix) On the ninth claim, actual and punitive damages in an amount to be determined at trial;

x) On the tenth claim, actual and punitive damages in an amount to be determined at trial;

xi) On the eleventh claim, actual and punitive damages in an amount to be determined at trial;

xii) On the twelfth claim, actual and punitive damages in an amount to be

        determined at trial;

xiii)    Statutory attorney's fees and disbursements pursuant to 42 U.S.C. §1988, and costs of this action; and

xiv)    Such other relief as the Court deems just and proper.

Dated:    New York, New York
            April 25, 2014

                                Goldberg & Allen, LLP
                                Attorneys for Plaintiff

By:    _____
        Jay K. Goldberg [JG-1294]
        49 West 37th Street, 7th Floor
        New York, New York 10018
        (212) 766-3366